# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

AN'TONIO L. BARNES (# 73449)                                    PLAINTIFF

v.                                                    No. 4:11CV9-A-S

WARDEN ARTHUR L. SMITH                                    DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of An'Tonio L. Barnes, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that he was improperly placed in segregation after a finding that he was guilty of a prison rule violation. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

On November 11, 2010, the plaintiff, who was housed at the Carroll-Montgomery Regional Correctional Facility, was placed in segregation pending a disciplinary hearing. He was found guilty of the rule infraction (cursing at a prison guard) and punished with thirty days loss of canteen and visitation privileges. Although it was not listed as a punishment, the plaintiff remained in restrictive custody from November 18, 2010, to November 29, 2010 (eleven days).

## *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the Court noted, "States

may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In this case, the punishment Barnes received – thirty days loss of canteen and visitation privileges, as well as eleven days placement in isolation – falls squarely "within the expected parameters of the sentence imposed by a court of law" and  "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin, supra*. The fact that the time in isolation was in excess of the punishment imposed after his hearing is of no moment, as it simply does not rise to the lever to trigger due process protection under the Constitution. As such, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 11th day of March, 2011.

 /s/ Sharion Aycock          
**U.S. DISTRICT JUDGE**